ANTONIO MILLAN, Respondent, v AMF BOWLING CENTERS, INC., Doing Business as AMF BELLEROSE LANES, Appellant. [833 NYS2d 173]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated April 6, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

On November 2, 2003 the plaintiff was assaulted by another patron at the Bellerose Lanes bowling alley owned by the defendant. The plaintiff claims, inter alia, that the defendant was negligent in failing to protect him from the assault. The defendant moved for summary judgment, arguing that it had not breached any duty it owed to the plaintiff because the assault was a spontaneous and unforeseen criminal act by a third party for which it could not be held liable.

While landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property, an owner's duty to control the conduct of persons on its premises

arises only when it has the opportunity to control such persons and is reasonably aware of the need for such control (*see D'Amico v Christie,* 71 NY2d 76, 85 [1987]; *Petras v Saci, Inc.,* 18 AD3d 848 [2005]; *Cutrone v Monarch Holding Corp.,* 299 AD2d 388, 389 [2002]). Thus the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults (*id.*).

The defendant demonstrated its prima facie entitlement to summary judgment based on, inter alia, the plaintiff's deposition testimony that, before the assault, his assailant had done nothing to him other than laugh at him, and the deposition testimony of the defendant's employee that before the assault, the assailant had not caused any problems and that the assault happened suddenly and without warning (*see Cutrone, supra* at 389). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). The evidence relied upon by the plaintiff was in large part speculative and failed to demonstrate that the defendant's employees could reasonably have anticipated or prevented the assault of the plaintiff. Thus, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.