■ JOHN BARRY NASH, Respondent, et al., Plaintiff, v SUE HAR EQUITIES, LLC, Doing Business as BROADWAY MOTOR INN, Appellant. [846 NYS2d 215]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Nassau County (O'Connell, J.), dated May 24, 2006, which, upon a jury verdict on the issue of damages awarding the plaintiff John Barry Nash the principal sum of $190,000 for pain and suffering, is in favor of that plaintiff and against it.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, and a new trial is granted on the issue of damages for pain and suffering only, unless, within 30 days after service upon the plaintiff John Barry Nash of a copy of this decision and order, he shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for pain and suffering from the principal sum of $190,000 to the principal sum of $100,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff John Barry Nash so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

Although we are mindful that considerable deference is to be afforded the jury's interpretation of the evidence (see *Duncan v Hillebrandt*, 239 AD2d 811, 813 [1997]), because the award of $190,000 for pain and suffering so materially deviates from what would be reasonable compensation (see CPLR 5501 [c]; *Cooper v Apple Radio Car Serv.*, 261 AD2d 500 [1999]; *Morales v Heron*, 250 AD2d 408 [1998]; *Artis v City of New York*, 183 AD2d 685 [1992]), we exercise our discretion and reduce the award to the extent indicated herein. The competent evidence established little more than that the plaintiff John Barry Nash (hereinafter the plaintiff) suffered pain to his head and a laceration requiring several stitches. The plaintiff's testimony as to his injuries, including his contention that he was compelled to leave the state of New York because of the assault, was not amplified by other competent testimony, expert or otherwise, sufficient to establish the severity and permanency of his injuries and does not support the monetary award.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.