■ Cole Mechanical Corp., Respondent, v AWL Industries, Inc., et al., Appellants. [865 NYS2d 351]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered July 13, 2007, which, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiff and against them in the principal sum of $400,000.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law is granted, and the complaint is dismissed.

The defendant AWL Industries, Inc. (hereinafter AWL), entered into a contract with the Dormitory Authority of the State of New York to perform certain work in connection with the renovation of the Queens County Courthouse. AWL commissioned a subcontractor (hereinafter the original subcontractor) to perform certain steam-fitting work on the premises. Before the project was complete, the original subcontractor abandoned the contract, and AWL engaged the plaintiff to replace the original subcontractor as a "completion contractor." AWL sent the plaintiff a purchase order providing that the plaintiff would be paid the sum of $250,000 for the job over a period of 12 weeks. Although the purchase order was never signed by a representative of the plaintiff, each of the payment invoices that the plaintiff sent to AWL during the ensuing weeks recited a "contract price" of $250,000. After the plaintiff was paid $250,000, it commenced this action, inter alia, for breach of an alleged oral contract under which AWL allegedly promised to pay the plaintiff the sum of "$250,000 or an amount sufficient to make [the plaintiff] whole for its work." Only the breach of contract cause of action was submitted to the jury, and the jury found in favor of the plaintiff and awarded damages in the principal sum of $400,000.

The jury's verdict was based on insufficient evidence. Viewing the evidence in the light most favorable to the plaintiff, there was simply no valid line of reasoning or permissible inferences from which the jury could conclude that the defendant AWL, through its words or deeds, ever agreed to pay more than the $250,000 it paid the plaintiff (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399-400 [1977]). Accordingly, the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law should have been granted.

In light of our determination, we need not reach the defendants' remaining contentions. Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.