SPIROS KATEKIS, Respondent, v NAUT, INC., et al., Appellants, et al., Defendant. [875 NYS2d 212]—

In an action to recover damages for personal injuries, the defendants Naut, Inc., and La Officina appeal (1) from an order of the Supreme Court, Kings County (Schneier, J.), dated February 1, 2008, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court (Hurkin-Torres, J.) dated March 26, 2008, as denied their motion to vacate the note of issue and certificate of readiness.

Ordered that the order dated February 1, 2008 is reversed, on the law, and the motion for summary judgment dismissing the complaint insofar as asserted against the appellants is granted; and it is further,

Ordered that the order dated March 26, 2008 is modified, on the law, by adding to the first sentence thereof, after the phrase "is hereby denied," the phrase "as academic"; as so modified the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff commenced this action to recover damages for the injuries he sustained when he was assaulted by three unknown assailants at a bar owned by the appellants. The plaintiff testified at his deposition that one of the three assailants pushed him, causing him to trip and fall over a step leading into the bar, and that the three assailants then kicked him when he tried to get up.

The appellants established their prima facie entitlement to judgment as matter of law by tendering evidence in admissible form demonstrating that they were not negligent in causing the plaintiff's injuries (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The appellants relied on the plaintiff's deposition testimony, during which he surmised that he was injured when he tripped and fell over the step. However, when asked if there was any defect in the step which caused him to trip, he testified that he did not think so. Thus, the appellants established that the evidence was insufficient to support a finding that a dangerous or defective condition caused the plaintiff's accident (*see Curran v Esposito*, 308 AD2d 428 [2003]; *Capone v 450 Lexington Venture*, 300 AD2d 428, 429 [2002]; *Fargot v Pathmark Stores*, 264 AD2d 708 [1999]).

With respect to the adequacy of security, while the owner of a public establishment has the duty to control the conduct of persons on its premises when it has the opportunity to do so and is reasonably aware of the need for such control, it has no duty to protect customers against an unforseen and unexpected assault (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d 860 [2007]; *Petras v Saci, Inc.*, 18 AD3d 848 [2005]). Based on the evidence presented, the plaintiff was injured as the result of a sudden and unexpected assault by unidentified assailants which the appellants could not have reasonably anticipated or prevented. Therefore, the appellants cannot be held liable for the plaintiff's injuries (*see Petras v Saci, Inc.*, 18 AD3d 848 [2005]; *Elba v Billie's 1890 Saloon*, 227 AD2d 438 [1996]).

In opposition to the appellants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted.

In light of the foregoing determination, the appellants' motion to vacate the note of issue and certificate of readiness must be denied as academic. Prudenti, P.J., Spolzino, Ritter and Santucci, JJ., concur.