RICHARD S. GIAMBRUNO et al., Appellants-Respondents, v CRAZY DONKEY BAR AND GRILL, Respondent-Appellant. [885 NYS2d 724]—

In an action to recover damages for personal injuries, the plaintiffs Richard S. Giambruno, Bobbee Delgado, and William J. Hacker appeal from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered December 5, 2007, which, upon a jury verdict on the issue of liability finding the defendant 100% at fault in the happening of the incident, and upon the granting of the defendant's motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of damages finding that the plaintiffs sustained damages in the sums of $114,000, $74,000, and $88,000, respectively, to the extent of reducing the awards of damages to the sums of $15,000, $1,000, and $1,000, respectively, is in favor of them and against the defendant in the sums of only $15,000, $1,000, and $1,000, respectively, and the defendant cross-appeals, as limited by its brief, from so much of the same judgment as, upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law, is in favor of the plaintiffs and against it in the principal sum of $17,000.

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for judgment as a matter of law with respect to the plaintiff Richard S. Giambruno is granted, the complaint is dismissed insofar as asserted by that plaintiff, that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the verdict

on the issue of damages to the extent of reducing the awards of damages to the plaintiffs Bobbee Delgado and William J. Hacker is granted to the extent that a new trial is granted on the issue of damages sustained by the plaintiffs Bobbee Delgado and William J. Hacker, and the action is severed as to them, unless within 30 days after service upon them of a copy of this decision and order, the plaintiff Bobbee Delgado shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the award of damages in her favor from the sum of $74,000 to the sum of $10,000, and the plaintiff William J. Hacker shall serve and file in the same office a written stipulation consenting to reduce the award of damages in his favor from the sum of $88,000 to the sum of $15,000 and to the entry of an amended judgment accordingly; in the event that the plaintiffs Bobbee Delgado and William J. Hacker so stipulate, then the judgment as to them, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to the liability of the defendant to the plaintiffs Bobbee Delgado and William J. Hacker are affirmed.

On the evening of February 23, 2003 the plaintiff Richard S. Giambruno traveled to the defendant's bar, accompanied by his girlfriend, the plaintiff Bobbee Delgado, and his uncle, the plaintiff William J. Hacker. Shortly after arriving at the bar, Giambruno purchased a drink for Delgado, and walked across the dance floor to hand it to her. At this point, an unidentified assailant ran up to Giambruno from behind, grabbed his shoulder, and struck him in the face, breaking his nose. When Delgado attempted to come to Giambruno's aid, a bouncer allegedly grabbed her in a bear hug, carried her outside, restrained her, and threw her over a retaining wall. A group of bouncers also allegedly carried Hacker outside onto the patio and kicked and punched him as he laid on the ground in a fetal position. Before being forcibly removed from the bar, Hacker heard someone direct the bouncers to "throw him out."

The plaintiffs subsequently commenced this action against the defendant alleging, inter alia, that it had negligently failed to provide adequate security for its patrons. At the conclusion of testimony in the liability phase of the trial, the court submitted Giambruno's case to the jury on the theory that the defendant had failed to provide adequate security to ensure his safety. The court also instructed the jury on principles of respondeat superior, noting that it was conceded that the security personnel at the bar were the defendant's employees. The jury returned a liability verdict in favor of the plaintiffs, and the court denied the defendant's motion pursuant to CPLR 4401 (a)

to set aside the liability verdict and award it judgment as a matter of law.

On appeal, the defendant contends that Giambruno failed to present legally sufficient evidence to hold it liable for the assault committed by the unidentified patron. We agree. In order for a court to conclude, as a matter of law, that a jury verdict is not supported by sufficient evidence, it must determine that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the . . . evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Mitaras v Pickman Realty Corp.*, 60 AD3d 827 [2009]; *Cole Mech. Corp. v AWL Indus., Inc.*, 55 AD3d 653, 654 [2008]). Viewed in the light most favorable to the plaintiffs, the evidence presented at trial was not legally sufficient to hold the defendant liable for Giambruno's injuries. Although a property owner must act in a reasonable manner to prevent harm to those on its premises, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Katekis v Naut, Inc.*, 60 AD3d 817 [2009]; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d 860, 861 [2007]; *Petras v Saci, Inc.*, 18 AD3d 848 [2005]; *Cutrone v Monarch Holding Corp.*, 299 AD2d 388, 389 [2002]). Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults (*see Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d at 861; *Petras v Saci, Inc.*, 18 AD3d 848 [2005]; *Cutrone v Monarch Holding Corp.*, 299 AD2d at 389; *Scalice v King Kullen*, 274 AD2d 426 [2000]).

Here, Giambruno's testimony reveals that an unidentified assailant approached him from behind, and suddenly and without warning grabbed his shoulder and struck him in the face. While Delgado testified that the assailant ran from the upper level of the bar and across the dance floor before reaching Giambruno, this conduct alone did not make it foreseeable that an assault was imminent. In view of the spontaneous nature of the incident, there is no valid line of reasoning by which the jury could have rationally concluded that the attack on Giambruno could have been prevented by a greater presence of security personnel (*see Katekis v Naut, Inc.*, 60 AD3d 817 [2009]; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d at 861; *Curcio v East Coast Hoops, Inc.*, 24 AD3d 997, 998 [2005]; *Petras v Saci, Inc.*, 18 AD3d 848 [2005]; *Cutrone v Monarch Holding Corp.*, 299 AD2d at 389). Accordingly, the court should have granted that branch of the defendant's motion which was to set aside the liability

verdict in Giambruno's favor and for judgment as a matter of law with respect to his claims.

However, the court properly denied those branches of the defendant's motion which were to set aside the liability verdict in favor of Delgado and Hacker. An employer may be held liable, under the doctrine of respondeat superior, for a tort committed by an employee acting within the scope of his or her employment (*see Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *White v Alkoutayni*, 18 AD3d 540 [2005]). The evidence presented at trial provides a valid line of reasoning to support the jury's conclusion that the bouncers were acting within the scope of their employment when they used excessive physical force to remove Delgado and Hacker from the premises, and to thus hold the defendant liable under the doctrine of respondeat superior (*see Johnson v Oval Pharm.*, 165 AD2d 587, 592-593 [1991]; *see generally Cohen v Hallmark Cards*, 45 NY2d 493 [1978]).

While we agree with the court's determination that the damages awarded to Delgado and Hacker were excessive, the amount of damages fixed by the court was inadequate. Furthermore, it was procedurally improper, under the circumstances of this case, for the court to enter a judgment reducing the damages awarded to those plaintiffs without giving them an opportunity to stipulate to a reduction or elect a new trial in the alternative (*see Leger v Chasky*, 55 AD3d 564, 565-566 [2008]; *Zukowski v Gokhberg*, 31 AD3d 633, 634 [2006]; *Tri-State Aluminum Prods. v Paramount Macaroni Mfg. Co.*, 247 AD2d 606, 607 [1998]; *Barcliff v Brooklyn Hosp.*, 212 AD2d 562, 564 [1995]). Considering the nature and extent of the injuries sustained by Delgado and Hacker, we find that the damages awarded to them by the jury deviate materially from what would be reasonable compensation, and were excessive to the extent indicated (*see* CPLR 5501 [c]; *Nash v Sue Har Equities, LLC*, 45 AD3d 545, 546 [2007]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.