■ WILSON AFANADOR, Plaintiff, and TORIN TUGGLE, Appellant, v CONEY BATH, LLC, et al., Defendants, and PEGGY O'NEILL's, INC., Respondent. (And Another Title.) [936 NYS2d 312]—

The plaintiff Torin Tuggle (hereinafter the plaintiff) allegedly was injured when he was stabbed in the ribcage at a restaurant owned, in part, by the defendant Peggy O'Neill's, Inc. (hereinafter the defendant). The plaintiff contends, inter alia, that the defendant was negligent in failing to protect him from the assault. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it had not breached any duty it owed to the plaintiff because the assault was a spontaneous and unforeseen act by a third party for which it could not be held liable.

"While landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such persons and is reasonably aware of the need for such control" (*Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d 860, 860-861 [2007]; *see D'Amico v Christie*, 71 NY2d 76, 85 [1987]). Accordingly, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults (*see Katekis v Naut, Inc.*, 60 AD3d 817, 818 [2009]; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d at 861).

The defendant demonstrated, prima facie, its entitlement to judgment as a matter of law based upon, inter alia, the

plaintiff's deposition testimony, which established that he was stabbed suddenly and unexpectedly by an unidentified assailant shortly after a fight broke out in the restaurant, and that the defendant could not have reasonably anticipated or prevented this (see *Katekis v Naut, Inc.*, 60 AD3d at 818; *Petras v Saci, Inc.*, 18 AD3d 848 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The evidence relied upon by the plaintiff was, in large part, speculative, and failed to demonstrate that the defendant's employees could reasonably have anticipated or prevented the assault of the plaintiff (see *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d at 861).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff against it. Skelos, J.P., Hall, Austin and Miller, JJ., concur.