■ JOHN KRANENBERG, Respondent-Appellant, v TKRS PUB, INC., Doing Business as BUNGALOW BILLS SALOON, et al., Appellants-Respondents. [952 NYS2d 215]—

According to the deposition testimony, on the evening of August 15, 2006, the plaintiff, who was about 60 years old, visited a bar owned by TKRS Pub, Inc., doing business as Bungalow Bills Saloon (hereinafter Bungalow Bills), in East Northport. The bartender on duty knew the plaintiff as a regular customer and described him as a nice guy who never bothered anyone. Other customers of the bar that evening included a group of four men the bartender had never seen before. Soon after ordering a drink, the plaintiff walked over to the men, and without any apparent reason, pushed one of them. In reaction, one of the men hit the plaintiff, who fell, hit his head on the floor, and allegedly lost consciousness. The plaintiff subsequently commenced this action against Bungalow Bills, its two individual principals, and the owner of the premises, 2 Over 2 Realty Co., LLC.

In the first and third causes of action, the plaintiff alleged

that the defendants were negligent and evinced a reckless disregard for his safety in failing to protect him from the assault. Landowners, as a general rule, have a duty to exercise reasonable care to prevent harm to patrons on their property (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d 1190, 1192 [2009]; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d 860, 860-861 [2007]). However, "an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control. Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (*Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d at 1192 [citations omitted]; *see Afanador v Coney Bath, LLC*, 91 AD3d 683, 683-684 [2012]; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d at 860-861; *Scalice v King Kullen*, 274 AD2d 426, 427 [2000]; *Woolard v New Mohegan Diner*, 258 AD2d 578, 579 [1999]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the first and third causes of action with evidence demonstrating that the assault was unexpected and that they could not have reasonably anticipated or prevented it (*see Afanador v Coney Bath, LLC*, 91 AD3d at 683-684; *Kiely v Benini*, 89 AD3d 807, 809 [2011]; *Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d at 1192-1193; *Katekis v Naut, Inc.*, 60 AD3d 817, 818 [2009]; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d at 861). Contrary to the plaintiff's contention, the defendants established that they had no previous knowledge of the subject customer's propensity to assault the plaintiff or of any prior similar incidents in the bar which would make the incident reasonably predictable (*see Roberts v Nostrand Hillel Food, Inc.*, 90 AD3d 1011 [2011]; cf. *Bryan v Crobar*, 65 AD3d 997, 999 [2009]). In opposition to the defendants' prima facie showing with respect to the first and third causes of action, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Thus, the Supreme Court correctly granted those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action.

The plaintiff alleged in the second cause of action that the defendants voluntarily assumed a duty to care for him after the incident and did so negligently, causing him to suffer additional injuries. "Generally speaking, one does not owe a duty to come to the aid of a person in peril, whether the peril is medical or otherwise" (*Miglino v Bally Total Fitness of Greater N.Y., Inc.*, 92 AD3d 148, 159 [2011]; *see McDaniel v Keck*, 53 AD3d 869, 872 [2008]). However, "[e]ven when no original duty is owed to

the plaintiff, once a defendant undertakes to perform an act for the plaintiff's benefit, the act must be performed with due care for the safety of [the] plaintiff" (*Ruiz v Griffin*, 71 AD3d 1112, 1114 [2010]; *see Parvi v City of Kingston*, 41 NY2d 553, 559 [1977]; *Marks v Nambil Realty Co.*, 245 NY 256, 258 [1927]; *Carter v Grenadier Realty*, 83 AD3d 640, 642 [2011]).

Here, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the second cause of action insofar as asserted against Bungalow Bills. Evidence submitted by the defendants established that the defendant Richard Sparacio, who was an owner and officer of Bungalow Bills, came into the bar while the plaintiff was on the floor, unconscious, and prevented the bartender from calling 911. Sparacio arranged for a taxi to take the plaintiff home, where he lived alone. In the ensuing days, the plaintiff's injuries allegedly worsened due to lack of medical care. Under these circumstances, the defendants failed to eliminate a triable issue of fact as to whether Bungalow Bills voluntarily assumed a duty to care for the plaintiff and placed him in a more vulnerable position than he would have been in if Sparacio had taken no action and had allowed the bartender to call 911 (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 522-523 [1980]). Since the defendants failed to make a prima facie showing, that branch of their motion which was for summary judgment dismissing the second cause of action insofar as asserted against Bungalow Bills was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the defendants established prima facie entitlement to judgment dismissing the second cause of action insofar as asserted against the defendant 2 Over 2 Realty, Co., LLC, with evidence that it was merely the owner of the premises and had leased the premises to Bungalow Bills, and that it did not voluntarily assume a duty of care for the plaintiff (*cf. Marks v Nambil Realty Co.*, 245 NY at 258). In opposition, the plaintiff failed to raise a triable issue of fact. Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.