■ ISAAC TZEP TAMBRIZ, Respondent, v P.G.K. LUNCHEONETTE, INC., Doing Business as STAR COFFEE SHOP & MEXICAN RESTAURANT, et al., Defendants, and AYT REALTY, LLC, et al., Appellants. (And Third-Party Actions.) (Action No. 1.) ROBERT DOAR, as Commissioner of Department of Social Services of City of New York, Respondent, v P.G.K. LUNCHEONETTE, INC., Doing Business as STAR COFFEE SHOP & MEXICAN RESTAURANT, et al., Defendants, and AYT REALTY, LLC, Appellant. (Action No. 2.) [2 NYS3d 150]—

In a consolidated action to recover damages for personal injuries, and a related subrogation action to recover benefits paid by the Department of Social Services of the City of New York to the plaintiff Isaac Tzep Tambriz, which were joined for trial, the defendants AYT Realty, LLC, and 6010 Realty, LLC, appeal from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated July 19, 2013, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging negligence asserted by the plaintiff Isaac Tzep Tambriz insofar as asserted against each of them and the subrogation cause of action asserted by the plaintiff Robert Doar, as Commissioner of the Department of Social Services of the City of New York, to recover benefits paid to the plaintiff Isaac Tzep Tambriz, insofar as asserted against AYT Realty, LLC.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff Isaac Tzep Tambriz to the defendants AYT Realty, LLC, and 6010 Realty, LLC, and those branches of the motion which were for

summary judgment dismissing the causes of action alleging negligence asserted by the plaintiff Isaac Tzep Tambriz insofar as asserted against the defendants AYT Realty, LLC, and 6010 Realty, LLC, and the subrogation cause of action asserted by the plaintiff Robert Doar, as Commissioner of the Department of Social Services of the City of New York, to recover benefits paid to the plaintiff Isaac Tzep Tambriz insofar as asserted against the defendant AYT Realty, LLC, are granted.

The plaintiff Isaac Tzep Tambriz alleged that he was injured on the sidewalk outside a restaurant located at 6010 and 6012 New Utrecht Avenue in Brooklyn when a group of men came out of the restaurant and assaulted him. The plaintiff alleged that two of the men were employees of the restaurant. After the incident, the Department of Social Services of the City of New York (hereinafter the DSS) paid for medical expenses incurred by the plaintiff as a result of the incident. The defendants AYT Realty, LLC (hereinafter AYT), and 6010 Realty, LLC (hereinafter 6010), the owners of the premises at 6012 and 6010 New Utrecht Avenue, respectively, moved, inter alia, for summary judgment dismissing the causes of action alleging negligence insofar as asserted against each of them and the subrogation cause of action to recover benefits paid to the plaintiff Isaac Tzep Tambriz.

Landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property. They have a duty to control the conduct of third parties on their premises when they have the opportunity to control such persons, and are reasonably aware of the need for such control (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Pellegrino v Trapasso*, 114 AD3d 917 [2014]; *Del Bourgo v 138 Sidelines Corp.*, 208 AD2d 795, 796 [1994]).

An owner is obligated to take reasonable precautionary measures to minimize the risk of criminal acts and make the premises safe for visitors when the owner is aware, or should be aware, that there is a likelihood of conduct on the part of third parties that would endanger visitors (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]; *Alonso v Branchinelli*, 277 AD2d 408 [2000]; *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 151 [1999]; *see generally* Restatement [Second] of Torts: Negligence § 344). To establish that criminal acts were foreseeable, the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location (*see Ishmail v ATM Three, LLC*, 77 AD3d 790, 791-792 [2010]; *Beato v Cosmopolitan*

*Assoc., LLC,* 69 AD3d 774, 776 [2010]; *Novikova v Greenbriar Owners Corp.,* 258 AD2d at 153).

However, an out-of-possession landlord is not liable for injuries that occur on the leased premises due to the criminal acts of third parties unless it has retained control over the premises or is contractually obligated to provide security (*see Inger v PCK Dev. Co., LLC,* 97 AD3d 895, 896-897 [2012]; *DeJesus v New York City Health & Hosps. Corp.,* 309 AD2d 729 [2003]). Here, the defendants AYT and 6010 established, prima facie, that they were out-of-possession landlords, and that they did not retain control over the premises and were not contractually obligated to provide security. The mere fact that Sam Fridman, the principal of AYT, had an office "right next door" to the subject premises for approximately 15 years prior to the incident, and Abraham Sprei, the principal of 6010, maintained a plumbing business adjacent to the premises, was not sufficient to create a triable issue of fact as to whether AYT and 6010 retained control of the premises (*see Repetto v Alblan Realty Corp.,* 97 AD3d 735, 736-737 [2012]). Further, both Fridman and Sprei testified that they never received notice of any problems at the subject premises. Accordingly, the defendants AYT and 6010 established, prima facie, that they owed no duty to Tambriz to protect him from the criminal activity of third parties (*see Ishmail v ATM Three, LLC,* 77 AD3d at 792; *Beato v Cosmopolitan Assoc., LLC,* 69 AD3d at 776). In opposition, Tambriz failed to raise a triable issue of fact, as he failed to submit evidence that the defendants AYT and 6010 had actual or constructive notice of any prior criminal activity.

For the same reasons, AYT is entitled to summary judgment dismissing the subrogation cause of action to recover benefits which DSS paid to Tambriz. To the extent that AYT and 6010 moved for summary judgment dismissing the subrogation cause of action to recover benefits paid to Tambriz insofar as asserted against 6010, that relief is not available because no such cause of action was asserted against 6010.

Accordingly, the Supreme Court should have granted those branches of the motion of AYT and 6010 which were for summary judgment dismissing the causes of action alleging negligence insofar as asserted against AYT and 6010, and the subrogation cause of action to recover benefits paid to Tambriz insofar as asserted against AYT. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.