■ Donal Hegarty et al., Respondents, v John J. Tracy, Jr., Doing Business as Candlelight Inn, Appellant. [4 NYS3d 254]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated September 23, 2013, as denied that branch of his motion which was for summary judgment dismissing the cause of action to recover damages based upon negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages based upon negligence is granted.

The plaintiff Donal Hegarty (hereinafter the injured plaintiff) allegedly was injured when he was struck on the head with a broomstick by an assailant while in the parking lot outside a bar and restaurant owned by the defendant. The plaintiffs allege, among other things, that the defendant was negligent in failing to protect the injured plaintiff from the assault.

In support of his motion for summary judgment, the defendant submitted evidence demonstrating that two groups of patrons, one of which included the injured plaintiff, were engaged in a verbal dispute before they left the establishment and went outside to the parking lot. Once outside, the argument turned into a physical altercation between two women, and the injured plaintiff attempted to intervene. Within seconds of the injured plaintiff's intervention, he was struck from behind by the assailant.

"Landowners, as a general rule, have a duty to exercise reasonable care to prevent harm to patrons on their property" (*Kranenberg v TKRS Pub, Inc.*, 99 AD3d 767, 768 [2012]; *see D'Amico v Christie*, 71 NY2d 76, 85 [1987]). "However, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control" (*Kranenberg v TKRS Pub, Inc.*, 99 AD3d at 768 [internal quotation marks omitted]; *see Afanador v Coney Bath, LLC*, 91 AD3d 683, 683-684 [2012]; *Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d 1190, 1192 [2009]). "Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (*Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d at 1192; *see Kranenberg v TKRS Pub, Inc.*, 99 AD3d at 768; *Afanador v Coney Bath, LLC*, 91 AD3d at 683-684).

The defendant established his prima facie entitlement to judgment as a matter of law dismissing the negligence cause of action with evidence demonstrating that he could not have reasonably prevented the unforeseeable and unexpected assault upon the injured plaintiff (*see Woolard v New Mohegan Diner*, 258 AD2d 578, 579 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Afanador v Coney Bath, LLC*, 91 AD3d at 684). Therefore, the Supreme Court should have granted that branch of the defendant's motion which was for

summary judgment dismissing the cause of action to recover damages based upon negligence.

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.