■ Boris Solomon et al., Respondents, v National Amusements, Inc., et al., Appellants. [9 NYS3d 398]—

In a consolidated action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated June 11, 2014, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant National Amusements, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs were attending a movie at a multiplex theater owned by the defendant National Amusements, Inc. (hereinafter National), when they allegedly were assaulted by fellow patrons. The plaintiffs subsequently commenced separate actions against National and against the defendant Safe Environment Business Solutions, Inc. (hereinafter Safe Environment), the contractor who provided security services at the multiplex theater on the date of the incident. The actions were consolidated by order of the Supreme Court. The plaintiffs allege that

the defendants were negligent in failing to protect them from the assault and failing to provide adequate security. After depositions had been conducted, the defendants jointly moved for summary judgment dismissing the complaint. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Safe Environment, but denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against National.

A property owner must act in a reasonable manner to prevent harm to those on its premises, which includes a duty to control the conduct of persons on its premises when it has the opportunity to control such conduct, and is reasonably aware of the need to do so (see D'Amico v Christie, 71 NY2d 76, 85 [1987]; Tambriz v P.G.K. Luncheonette, Inc., 124 AD3d 626 [2015]; Rishty v DOM, Inc., 67 AD3d 662, 663 [2009]). However, "the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192 [2009]; see Afanador v Coney Bath, LLC, 91 AD3d 683, 683-684 [2012]; Millan v AMF Bowling Ctrs., Inc., 38 AD3d 860, 860-861 [2007]).

Here, the defendants failed to make a prima facie showing that National was entitled to judgment as a matter of law. The defendants' submissions included the deposition testimony of a security guard who indicated that in the year preceding the subject incident, there had been four or five other incidents in which disputes between patrons escalated into physical altercations. The defendants also submitted the deposition testimony of the plaintiffs, wherein they alleged that the physical assault upon them inside the theater lasted for approximately 15 to 20 minutes, during which time the plaintiff Yelena Solomon was screaming for help. Under these circumstances, the defendants failed to eliminate triable issues of fact as to whether the assault on the plaintiffs could have been reasonably anticipated and prevented (see Rishty v DOM, Inc., 67 AD3d at 663; Boyea v Aubin, 65 AD3d 736, 737-738 [2009]; see also Bryan v Crobar, 65 AD3d 997, 999 [2009]).

Since the defendants failed to demonstrate National's prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch

of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against National. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.