■ Amanda Gentile, an Infant, by Her Mother and Natural Guardian, Kristen Gentile, et al., Respondents, v Town and Village of Harrison, New York, Appellant. [27 NYS3d 207]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated October 17, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiffs alleged that in April 2009 and again in May 2009, the infant plaintiff, who at the time was 12 years old, was assaulted in the lower level of the West Harrison Library by twin brothers, aged 17. As a result, the infant plaintiff, by her mother, and her mother individually, commenced this action against the defendant Town and Village of Harrison, New York, as owner of the library, alleging negligence. The defendant moved for summary judgment dismissing the complaint and the Supreme Court denied the motion. We reverse.

"Landowners, as a general rule, have a duty to exercise reasonable care to prevent harm to patrons on their property" (*Kranenberg v TKRS Pub, Inc.*, 99 AD3d 767, 768 [2012]; *see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Hegarty v Tracy*, 125 AD3d 804 [2015]). "However, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control" (*Kranenberg v TKRS Pub, Inc.*, 99 AD3d at 768 [internal quotation marks omitted]; *see D'Amico v Christie*, 71 NY2d at 85; *Tambriz v P.G.K. Luncheonette, Inc.*, 124 AD3d 626, 628 [2015]; *Pellegrino v Trapasso*, 114 AD3d 917 [2014]). An owner is obligated to take reasonable precautionary measures to minimize the risk of criminal acts and make the premises safe for visitors when the owner is aware, or should be aware, that there is a likelihood of conduct on the part of third parties that would endanger visitors (*see*

*Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]; *see generally* Restatement [Second] of Torts: Negligence § 344, Comment *f*). To establish that criminal acts were foreseeable, the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location (*see Jacqueline S. v City of New York*, 81 NY2d at 295; *Tambriz v P.G.K. Luncheonette, Inc.*, 124 AD3d at 628; *Haire v Bonelli*, 107 AD3d 1204, 1205 [2013]). Without evidentiary proof of notice of prior criminal activity, the owner's duty reasonably to protect those using the premises from such activity never arises (*see Waters v New York City Hous. Auth.*, 69 NY2d 225, 229 [1987]; *Ishmail v ATM Three, LLC*, 77 AD3d 790, 791-792 [2010]; *Beato v Cosmopolitan Assoc., LLC*, 69 AD3d 774, 776 [2010]). "Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (*Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d 1190, 1192 [2009]; *see Kranenberg v TKRS Pub, Inc.*, 99 AD3d at 768; *Afanador v Coney Bath, LLC*, 91 AD3d 683, 683-684 [2012]).

Here, in support of its motion for summary judgment, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence establishing that it did not have any notice of any prior assaults or similar criminal activity in the library. Indeed, the record demonstrates that the criminal assaults in this case were unexpected and unforeseeable. Moreover, there is no evidence that the defendant was aware of the first incident in April 2009 prior to the occurrence of the second incident in May 2009. In opposition, the plaintiffs failed to raise a triable issue of fact.

In view of the foregoing, we need not address the defendant's remaining contention. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.