■ MICHAEL SCHARFF, Appellant, v L.A. FITNESS INTERNATIONAL, LLC, Respondent, et al., Defendants. [30 NYS3d 574]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated June 26, 2015, which granted the motion of the defendant L.A. Fitness International, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was assaulted by the defendant Mohamad Abdeljawad and the defendant Naser Abdeljawad while they were playing basketball within the premises of the defendant L.A. Fitness International, LLC (hereinafter L.A. Fitness). The plaintiff commenced this action against the three defendants. L.A. Fitness moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that it could not be held liable for this unforeseeable and unexpected assault upon the plaintiff. The Supreme Court granted the motion.

"A property owner must act in a reasonable manner to prevent harm to those on its premises, which includes a duty to control the conduct of persons on its premises when it has the opportunity to control such conduct, and is reasonably aware of the need to do so" (*Solomon v National Amusements, Inc.*, 128 AD3d 947, 948 [2015]; *see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Tambriz v P.G.K. Luncheonette, Inc.*, 124 AD3d 626 [2015]; *Rishty v DOM, Inc.*, 67 AD3d 662, 663 [2009]). However, a property owner is not the insurer of a visitor's safety, and it has no duty to protect visitors against unforeseeable and unexpected assaults (*see Maheshwari v City of New York*, 2 NY3d 288, 294 [2004]; *Afanador v Coney Bath, LLC*, 91 AD3d 683, 683-684 [2012]; *Sugarman v Equinox Holdings, Inc.*, 73 AD3d 654, 655 [2010]; *Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d 1190, 1192 [2009]; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d 860, 860-861 [2007]).

Here, L.A. Fitness demonstrated its prima facie entitlement to judgment as a matter of law based on, inter alia, the

plaintiff's deposition testimony that the assault happened suddenly and without warning (*see Afanador v Coney Bath, LLC*, 91 AD3d at 683-684; *Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d at 1192; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d at 860-861; *Cutrone v Monarch Holding Corp.*, 299 AD2d 388, 389 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The evidence relied upon by the plaintiff was in large part speculative and failed to demonstrate that L.A. Fitness could reasonably have anticipated or prevented the assault. Accordingly, the Supreme Court properly granted L.A. Fitness's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.