Oblatore v 67 W. Main St., LLC (2019 NY Slip Op 00892)





Oblatore v 67 W. Main St., LLC


2019 NY Slip Op 00892


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-08720
 (Index No. 35366/07)

[*1]Manuel Oblatore, appellant, 
v
67 West Main Street, LLC, et al., respondents, et al., defendants.


Lieb at Law, P.C., Center Moriches, NY (Andrew M. Lieb and Dennis Valet of counsel), for appellant.
Morrison Mahoney LLP, New York, NY (Demi Sophocleous of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated June 16, 2016. The order granted the motion of the defendants 67 West Main Street, LLC, Havens Brewery, LLC, Brick House Brewery & Restaurant, Brick House Brewing Co., and Havens Brewery, LLC, doing business as Brick House Brewery & Restaurant, also known as Brick House Brewing Co., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On the early morning hours of August 25, 2007, the plaintiff and his friends allegedly were attacked from behind by a group of individuals in a parking lot located adjacent to an establishment owned and/or operated by the defendants 67 West Main Street, LLC, Havens Brewery, LLC, Brick House Brewery & Restaurant, Brick House Brewing Co., and Havens Brewery, LLC, doing business as Brick House Brewery & Restaurant, also known as Brick House Brewing Co. (hereinafter collectively the defendants). The plaintiff subsequently commenced this action alleging, inter alia, that the defendants were negligent in failing to control the conduct of persons on their property. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
"Landowners, as a general rule, have a duty to exercise reasonable care to prevent harm to patrons on their property" (Kranenberg v TKRS Pub, Inc., 99 AD3d 767, 768; see D'Amico v Christie, 71 NY2d 76, 85; Hegarty v Tracy, 125 AD3d 804, 805). "However, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control" (Kranenberg v TKRS Pub, Inc., 99 AD3d at 768 [internal quotation marks omitted]; see Afanador v Coney Bath, LLC, 91 AD3d 683, 683-684; Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192). "Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (Giambruno v Crazy Donkey Bar & Grill, 65 AD3d at 1192; see Kranenberg v TKRS Pub, Inc., 99 AD3d at 768; Afanador v Coney Bath, LLC, 91 AD3d at 683-684).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the attack on the plaintiff was unforeseeable and unexpected (see Hegarty v Tracy, 125 AD3d at 805; Kranenberg v TKRS Pub, Inc., 99 AD3d at 768; Giambruno v Crazy Donkey Bar & Grill, 65 AD3d at 1192). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557). Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiff's remaining contentions are without merit or need not be reached in light of our determination.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court