Daniels v Dairy Queen Grill & Chill (2019 NY Slip Op 06062)





Daniels v Dairy Queen Grill & Chill


2019 NY Slip Op 06062


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-10304
 (Index No. 100465/16)

[*1]Derrick Daniels, appellant, 
v
Dairy Queen Grill & Chill, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Lydecker Diaz, Melville, NY (Kevin D. Clinton and Louis Brett Goldman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated June 8, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he was attacked inside the defendant's restaurant by four individuals. The complaint alleged, inter alia, that the defendant was negligent in training its employees and failing to provide adequate security. Following discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"Landowners, as a general rule, have a duty to exercise reasonable care to prevent harm to patrons on their property" (Kranenberg v TKRS Pub, Inc., 99 AD3d 767, 768; see D'Amico v Christie, 71 NY2d 76, 85; Oblatore v 67 W. Main St., LLC, 169 AD3d 705, 706). "However, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control" (Kranenberg v TKRS Pub, Inc., 99 AD3d at 768 [internal quotation marks omitted]; see Tambriz v P.G.K. Luncheonette, Inc., 124 AD3d 626, 627; Afanador v Coney Bath, LLC, 91 AD3d 683, 683-684; Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192). "Thus, the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (Giambruno v Crazy Donkey Bar & Grill, 65 AD3d at 1192; see Kranenberg v TKRS Pub, Inc., 99 AD3d at 768; Afanador v Coney Bath, LLC, 91 AD3d at 683-684).
Here, the defendant submitted evidence sufficient to establish, prima facie, that the attack upon the plaintiff by third parties was unforeseeable and unexpected (see Scharff v L.A. Fitness Intl., LLC, 139 AD3d 929, 929-930; Hegarty v Tracy, 125 AD3d 804, 805; Millan v AMF Bowling Ctrs., Inc., 38 AD3d 860, 861). In opposition, the plaintiff failed to raise a triable issue of fact. Even assuming, as the plaintiff contends, that the attack was orchestrated by the assistant manager on duty, the evidence submitted by the plaintiff was insufficient to raise triable issues of fact as to whether the assistant manager was acting in furtherance of the defendant's business and [*2]whether his conduct was reasonably foreseeable by the defendant (see Gui Ying Shi v McDonald's Corp., 110 AD3d 678, 680; Yildiz v PJ Food Serv., Inc., 82 AD3d 971, 972; Carnegie v J.P. Phillips, Inc., 28 AD3d 599, 600).
In light of our determination, we need not consider the plaintiff's remaining contention.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court