Forgione v Quiet Man Pub, Ltd. (2022 NY Slip Op 03499)





Forgione v Quiet Man Pub, Ltd.


2022 NY Slip Op 03499


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2019-12882
 (Index No. 711567/16)

[*1]Peter Forgione, appellant, 
v
Quiet Man Pub, Ltd., et al., respondents (and a third-party action).


Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered October 31, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In the early hours of Christmas Day 2015, the plaintiff allegedly was injured when he was stabbed multiple times during an altercation with, among others, Franklin Villanueva. The altercation occurred in the backyard patio area of a bar located in Flushing, which was owned and operated by the defendants, Quiet Man Pub, Ltd., doing business as Breifne Pub, and Terrence Freehill. The plaintiff commenced this action against the defendants, alleging, among other things, that the defendants were negligent in failing to protect him from the assault. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
Possessors of land have a "'duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control'" (Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 997-998, quoting D'Amico v Christie, 71 NY2d 76, 85; see Solomon v Nat'l Amusements, Inc., 128 AD3d 947, 948). However, "the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192; see Afanador v Coney Bath, LLC, 91 AD3d 683, 683-684).
The defendants demonstrated, prima facie, their entitlement to judgment as a matter of law based upon, inter alia, the deposition testimony of the plaintiff, Villanueva, and Freehill, as well as the surveillance video of the assault, which established that the assault was unforeseeable and unexpected (see Afanador v Coney Bath, LLC, 91 AD3d at 683-684; Millan v AMF Bowling Ctrs., Inc., 38 AD3d 860, 860-861; Browne v GMRI, Inc., 6 AD3d 640, 641). In opposition, the plaintiff failed to raise a triable issue of fact (see Kranenberg v TKRS Pub, Inc., 99 AD3d 767, 768; Browne v GMRI, Inc., 6 AD3d at 641).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court