York v Paddy's Loft Corp. (2022 NY Slip Op 04931)

York v Paddy's Loft Corp.

2022 NY Slip Op 04931

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2020-05159
 (Index No. 611057/17)

[*1]Steven York, respondent, 
v
Paddy's Loft Corp., etc., et al., appellants.

Farber Brocks & Zane LLP, Garden City, NY (Lester Chanin of counsel), for appellants.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered June 4, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On May 10, 2015, at approximately 12:45 a.m., the plaintiff allegedly sustained personal injuries at the defendants' bar in Nassau County. At the time of the alleged incident, a female patron purportedly jumped onto the lap of a male patron, who was sitting on a bar stool. This apparently caused the two patrons and the bar stool to fall on top of the plaintiff, who was standing nearby. The plaintiff was "knocked" down to the floor.
In 2017, the plaintiff commenced the instant action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, arguing that the incident was sudden, unexpected, and unforeseeable. The Supreme Court denied the motion. The defendants appeal.
A property owner, which must act in a reasonable manner to prevent harm to those on its premises, has a duty to control the conduct of persons on its premises when it has the opportunity to control such conduct, and is reasonably aware of the need to do so (see D'Amico v Christie, 71 NY2d 76, 85; Martinelli v Dublin Deck, Inc., 198 AD3d 635, 636; Solomon v National Amusements, Inc., 128 AD3d 947, 948; Tambriz v P.G.K. Luncheonette, Inc., 124 AD3d 626). Here, the defendants established, prima facie, that the alleged incident was spontaneous, and could not have been reasonably anticipated and prevented (see Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d 590, 591; Tafsiou v Arms Acres, 123 AD3d 807; Afanador v Coney Bath, LLC, 91 AD3d 683, 684; Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192; Lee v Durow's Rest., 238 AD2d 384, 385). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court