Whittingham v McDonald's Corp. (2019 NY Slip Op 05582)





Whittingham v McDonald's Corp.


2019 NY Slip Op 05582


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-06304
 (Index No. 1198/16)

[*1]Iver O. Whittingham, respondent, 
v
McDonald's Corporation, defendant, 395 Flatbush, Inc., etc., appellant.


Stonberg Moran, LLP, New York, NY (Michael L. Stonberg and Kevin Hickman of counsel), for appellant.
Rubenstein & Rynecki, Brooklyn, NY (Harper A. Smith of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 395 Flatbush, Inc., appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated March 9, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that on May 14, 2015, he was waiting in line inside a McDonald's restaurant located on 395 Flatbush Avenue in Brooklyn, which at the time was owned and operated by the defendant 395 Flatbush, Inc. (hereinafter the owner), when two girls in line behind him began to fight. It is undisputed that the plaintiff tried to intercede to help break up the fight and was then assaulted by a number of other people who had been watching the fight. After the subject incident, the plaintiff commenced this action against the owner and another defendant, alleging, among other things, that the owner was negligent in failing to provide adequate security at the subject premises. The owner moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and the owner appeals.
A property owner must act in a reasonable manner to prevent harm to those on its premises, which includes a duty to control the conduct of persons on its premises when it has the opportunity to control such conduct, and is reasonably aware of the need to do so (see D'Amico v Christie, 71 NY2d 76, 85). However, "the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192).
Here, in support of its motion, the owner failed to eliminate all triable issues of fact as to whether the assault of the plaintiff could have been reasonably anticipated and prevented (see Solomon v National Amusements, Inc., 128 AD3d 947, 948). In light of the multiple incidents, including 15 prior violent incidents, that had occurred at the subject restaurant, it cannot be said as a matter of law that the security measures taken by the defendant were sufficient to ensure the safety of the patrons on the date of the incident.
The owner's remaining contention is without merit.
Since the owner failed to demonstrate its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court's determination denying the owner's motion for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court