■ JANE DOE et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY et al., Appellants, et al., Defendant. [650 NYS2d 231] —Order, Supreme Court, New York County (Carol Arber, J.), entered April 2, 1996, which, *inter alia*, denied defendants-appellants' motion for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.

Summary judgment was precluded by the presence of issues of fact, including whether plaintiff's injury was foreseeable in light of defendants' admitted knowledge of several crimes committed at the premises, including a robbery attempt involving a co-worker less than three weeks earlier on the same floor (*see, Jacqueline S. v City of New York*, 81 NY2d 288, 295). The prior criminal conduct need not have been of the same type as the incident involving plaintiff (*see, Splawn v Lextaj Corp.*, 197 AD2d 479, 480, *lv denied* 83 NY2d 753). Under the circumstances, the adequacy of building security and proximate cause were further issues of fact (*supra; see also, Banayan v Woolworth Co.*, 211 AD2d 591; *Rudel v National Jewelry Exch. Co.*, 213 AD2d 301; *cf., Gill v New York City Hous. Auth.*, 130 AD2d 256).

Defendants' argument regarding proof of the manner in which plaintiff's assailant gained access to the floor where the assault took place, first articulated in their reply papers before the motion court, would not have been a proper basis for granting summary judgment in their favor (*see, Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625).

We have considered appellants' other contentions and find them to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.