■ LEOKADIA LAUERSDORF, Respondent, v SUPERMARKETS GENERAL CORP., Doing Business as PATHMARK, Appellant. [657 NYS2d 732] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 20, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

After completing her shopping at the defendant's Port Chester store at approximately 12:30 A.M. on March 18, 1993, the plaintiff was raped inside her van by an assailant armed with a knife. The plaintiff alleges that the defendant failed to provide adequate security and that as a consequence she was subjected to the rape.

Whether knowledge of prior criminal activities is sufficient to make an injury to a plaintiff foreseeable to an owner or possessor of land "must depend on the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question" (*Jacqueline S. v City of New York,* 81 NY2d 288, 295).

The incidents reflected in a police department record, which essentially concern acts against property, did not give notice that the rape of the plaintiff was foreseeable (*see, Karp v Saks Fifth Ave.,* 225 AD2d 1014; *cf., Jacqueline S. v City of New York, supra; Miller v State of New York,* 62 NY2d 506; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Doe v Metropolitan Life Ins. Co.,* 234 AD2d 74).

Further, there is no basis for concluding that the defendant had any knowledge of a robbery of a friend of the plaintiff, Minnie White, at the premises, nor are the additional hearsay reports of crimes at the premises by Minnie White and the plaintiff sufficient to establish any breach of duty by the defendant (*see, Maria S. v Willows Enters.*, 234 AD2d 177). Rosenblatt, J. P., Thompson, Altman and Luciano, JJ., concur.