■ Antoinette Bryan et al., Appellants, v Crobar et al., Respondents. [885 NYS2d 122]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated May 27, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Crobar and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiffs.

On July 13, 2006 the plaintiffs were shot by an unknown assailant at the defendant Crobar, a nightclub located in Manhattan. The plaintiffs commenced this action against Crobar, RN Realty, LLC (hereinafter RN Realty), which owns the building where Crobar was located, and Neal A. Schwartz, the owner of RN Realty. The plaintiffs alleged that they were injured as a result of the club's inadequate security. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We modify.

The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Schwartz and RN Realty. The evidence proffered by the defendants, and uncontroverted by the plaintiffs, established that Schwartz and RN Realty transferred full possession and control of the space where the shooting occurred to Crobar's owners, and never exercised any control over either the operation of the club or the conduct of its patrons. Therefore, Schwartz and RN Realty cannot be held liable on the theory that they failed in their common-law duty to take reasonable measures to secure the club against foreseeable criminal activity (see Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232-233 [2001]). Similarly, liability may not be imposed upon those defendants pursuant to the provisions of Real Property Law § 231 (2), as there is no admissible evidence that Schwartz and/or RN Realty were given notice of repeated criminal activity such that the risk of injury was likely and that there was a causal relationship between the subject activities and the plaintiffs' injuries (see Alonso v Branchinelli, 277 AD2d 408, 409 [2000]).

While Crobar established its prima facie entitlement to judgment as a matter of law by demonstrating that it had taken minimal security precautions against foreseeable criminal acts of third parties (*see Maheshwari v City of New York*, 2 NY3d 288, 295 [2004]; *Logan v 530 W. 28th St., L.P.*, 48 AD3d 430 [2008]), the plaintiffs raised a triable issue of fact as to foreseeability (*see Luisa R. v City of New York*, 253 AD2d 196, 200 [1999]). A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 518-519 [1980]; *Dillman v Bohemian Citizens Benevolent Socy. of Astoria*, 227 AD2d 434, 435 [1996]). To establish foreseeability, there is no requirement that the past experience of criminal activity be of the same type as that to which the plaintiff was subjected (*see Jacqueline S. v City of New York*, 81 NY2d 288, 294-295 [1993]; *Doe v Metropolitan Life Ins. Co.*, 234 AD2d 74 [1996]), but the criminal conduct at issue must be shown to be reasonably predictable based on prior occurrences of the same or similar criminal activity at a location sufficiently proximate to the subject location (*Maria T. v New York Holding Co. Assoc.*, 52 AD3d 356 [2008]). Evidence submitted in opposition to the motion for summary judgment showed that from January 2006 to July 13, 2006 there had been eight violent crimes of assault at Crobar. While the assaults preceding the incident of July 13, 2006 involved the use of instrumentalities other than a gun, evidence of the prior violent incidents raises a triable issue of fact as to whether Crobar could have reasonably foreseen the criminal conduct which occurred on July 13, 2006.

Regarding the issue of adequacy of its security measures, Crobar's director of security testified that it was Crobar's custom and practice to perform a frisk or pat-down search of all patrons entering the nightclub. However, both plaintiffs testified that on the night of the incident, although their purses were searched, they were not patted down or frisked. Moreover, the plaintiffs proffered affidavits from two nonparty witnesses who frequented Crobar on multiple occasions during 2005 and 2006. Both witnesses stated that they were never searched, frisked, patted down, or required to go through metal detectors. In addition, they never observed anyone else being searched. Since the evidence proffered by the plaintiffs indicates that Crobar's purported custom and practice of searching patrons was not uniformly exercised, and as noncompliance with one's own established rule is some evidence of negligence (*see Haber v Cross County Hosp.*, 37 NY2d 888, 889 [1975]; *Danbois v New York Cent. R.R. Co.*, 12 NY2d 234 [1963]), a triable issue of fact

was raised regarding the reasonableness of Crobar's security measures.

While this Court, in *Logan v 530 W. 28th St., L.P.* (48 AD3d 430 [2008])—a case also involving Crobar as a defendant—affirmed an order awarding summary judgment to Crobar, that case is distinguishable since the security measures Crobar employed in admitting patrons into the nightclub were not at issue.

The defendants' remaining contentions either are without merit, were improperly raised for the first time on appeal, or have been rendered academic by our determination. Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.