■ ELAINE FELTON, Appellant, v GEORGE W. TOURTOULIS et al., Respondents. [929 NYS2d 493]—

The plaintiff alleged that the defendant Melissa A. Tourtoulis (hereinafter the defendant driver) was driving while intoxicated

and failed to stop at a stop sign, causing a two-car motor vehicle collision in which the plaintiff was injured. In her complaint, the plaintiff, inter alia, demanded an award of punitive damages from the defendant driver.

The Supreme Court improperly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's demand for punitive damages insofar as asserted against the defendant driver. "Punitive damages are available to vindicate a public right only where the actions of the alleged tortfeasor constitute either gross recklessness or intentional, wanton, or malicious conduct aimed at the public generally, or were activated by evil or reprehensible motives" (*Boykin v Mora*, 274 AD2d 441, 442 [2000]). At this stage of the litigation, it is premature to conclude that the allegations in the complaint are insufficient to support a claim that the defendant driver acted so recklessly or wantonly as to warrant an award of punitive damages (*see Wilner v Allstate Ins. Co.*, 71 AD3d 155, 167 [2010]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's demand for punitive damages insofar as asserted against the defendant driver. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.