■ TANYA HARTMAN, as Administratrix of the Estate of SHAMEL GARY McKINNEY, Deceased, Respondent-Appellant, v MILBEL ENTERPRISES, INC., Doing Business as DUVET RESTAURANT AND LOUNGE, et al., Appellants-Respondents, et al., Defendant. [15 NYS3d 125]—

In an action, inter alia, to recover damages for wrongful death, the defendants Milbel Enterprises, Inc., doing business as Duvet Restaurant and Lounge, N.E.C. Security Consultants, Inc., Belkin Family Limited Partnership, Edward Belkin, and Sabina Belkin appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated March 20, 2013, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them and their separate cross motion for the issuance of a so-ordered subpoena, the defendant Anthony Taylor separately appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion for summary judgment on the issue of liability and, in effect, dismissing the counterclaim and the affirmative defenses of the defendant Anthony Taylor.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability against the defendant Anthony Taylor and, in effect, dismissing the counterclaim and affirmative defenses of that defendant, and substituting therefor a provision granting those branches of the plaintiff's cross motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant Milbel Enterprises, Inc., doing business as

Duvet Restaurant and Lounge (hereinafter Milbel), was incorporated to operate a restaurant and nightclub (hereinafter Duvet) on West 21st Street in Manhattan. The defendants Sabina Belkin and Edward Belkin were two of the principals of Milbel. The defendant N.E.C. Security Consultants, Inc. (hereinafter NEC), was engaged by Milbel to provide security services at Duvet.

On November 23, 2007, the defendant Anthony Taylor fatally stabbed Shamel Gary McKinney (hereinafter the decedent) outside of Duvet. Both the decedent and Taylor had been patrons of Duvet. A fight started inside of Duvet, which culminated in the decedent being stabbed with a knife in Taylor's possession that Taylor was able to bring into Duvet in his back pocket.

The plaintiff, as the administrator of the decedent's estate, commenced this action against Milbel, NEC, Belkin Family Limited Partnership, Edward Belkin, and Sabina Belkin (hereinafter collectively the Duvet defendants) and Taylor, among others, to recover damages for, inter alia, wrongful death. Taylor counterclaimed against the plaintiff and cross-claimed against the Duvet defendants to recover damages for, inter alia, assault and battery. Subsequent to the commencement of this action, Taylor, while represented by counsel, pleaded guilty to manslaughter in the first degree in connection with the decedent's death, and waived all defenses to the charges against him, including the defense of justification.

Taylor moved for summary judgment dismissing the complaint insofar as asserted against him, contending that the decedent assaulted and robbed him. The plaintiff cross-moved for summary judgment on the issue of liability against all of the defendants and, in effect, dismissing Taylor's counterclaim and affirmative defenses. The Duvet defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The Duvet defendants separately cross-moved for the issuance of a so-ordered subpoena requiring the production of a complete certified copy of the decedent's "rap sheet," showing all sealed and unsealed records of his arrests and convictions. The Supreme Court denied the motion and cross motions.

In opposing the motion and cross motions for summary judgment, no party argued that the deposition transcripts submitted as exhibits were inadmissible by virtue of being unsigned and uncertified. Nonetheless, the Supreme Court, on its own initiative, determined that the deposition transcripts were inadmissible. Based on this determination, the Supreme Court

concluded that Taylor and the Duvet defendants each failed to meet their prima facie burden on their respective motion and cross motion for summary judgment. Based in part on that determination, the court also concluded that the plaintiff failed to meet her prima facie burden.

Under the circumstances of this case, the Supreme Court erred in denying the motion and cross motions for summary judgment on a procedural ground that the parties did not raise or litigate (*see Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 54-55 [2014]). The submission of unsigned and some uncertified deposition transcripts constituted mere irregularities and, because no substantial right of any party was prejudiced, the court should have disregarded these defects and determined the motion and cross motions for summary judgment on the merits (*see* CPLR 2001; *Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d at 55). In the interest of judicial economy, we deem it appropriate to address the motion and cross motions for summary judgment on the merits, rather than remit the matter to the Supreme Court, Kings County, to do so (*see Gesuale v Campanelli & Assoc., P.C.*, 126 AD3d 936, 936 [2015]).

"Where a criminal conviction is based upon facts identical to those in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from relitigating the issue of liability" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33, 41 [2009]; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). "The doctrine applies whether the conviction results from a plea or a trial" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d at 42; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 664). "The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior proceeding, and is decisive of the present action" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d at 42; *see Buechel v Bain*, 97 NY2d 295, 304 [2001]). "The party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d at 42; *see Buechel v Bain*, 97 NY2d at 304).

Here, the Supreme Court should have granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability against Taylor and, in effect, dismissing Taylor's counterclaim and affirmative defenses. The

plaintiff met her burden of establishing her prima facie entitlement to judgment as a matter of law on the issue of liability against Taylor and dismissing Taylor's counterclaim and affirmative defenses through, inter alia, the submission of the transcript of Taylor's plea in the related criminal action (*see Morrow v Gallagher*, 113 AD3d 827, 829 [2014]). In her complaint, the plaintiff alleged, among other things, that on November 23, 2007, while at Duvet, Taylor willfully and intentionally stabbed the decedent, injuring and ultimately killing the decedent. During his plea allocution, Taylor admitted that, on November 23, 2007, in the vicinity of Duvet, he committed the crime of manslaughter in the first degree, in that, with intent to cause serious physical injury, he fatally stabbed the decedent. Consequently, the plaintiff demonstrated that the identical issue was necessarily decided in the prior proceeding, and that, accordingly, Taylor was collaterally estopped from relitigating this issue either in defense to the complaint or in the prosecution of his counterclaim.

In opposition to the plaintiff's showing, Taylor failed to raise a triable issue of fact. In support of his motion for summary judgment dismissing the complaint insofar as asserted against him, Taylor submitted transcripts of his deposition testimony, in which he acknowledged that he had been represented by counsel at the related criminal proceeding, which supported the plaintiff's contention that he had a full and fair opportunity to litigate the charges at issue here. Further, during the plea proceeding, Taylor acknowledged that, by pleading guilty, he was waiving his defense of justification and all other defenses. Consequently, Taylor's plea of guilty to manslaughter in the first degree collaterally estopped him from invoking the *Barker/Manning* doctrine (*see Manning v Brown*, 91 NY2d 116, 120 [1997]; *Barker v Kallash* 63 NY2d 19, 25 [1984]), which precludes an injured person, or his or her personal representative, from recovery in tort where the injured person's conduct constituted a serious violation of the law, and the injuries for which recovery was sought were the direct result of that violation. Taylor is also estopped from asserting that his conduct with respect to the underlying altercation with the decedent was justified (*see Colby v Crocitto*, 207 AD2d 764, 765 [1994]; *Grayes v DiStasio*, 166 AD2d 261, 263 [1990]). For the same reason that the Supreme Court should have granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability insofar as asserted against Taylor and, in effect, dismissing his counterclaim and affirmative defenses, Taylor's own motion for summary judgment dismissing the complaint insofar as asserted against him was properly denied.

The Supreme Court, however, properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the Duvet defendants. "A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties" (*Bryan v Crobar*, 65 AD3d 997, 999 [2009]; *see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 518-519 [1980]). "To establish foreseeability, there is no requirement that the past experience of criminal activity be of the same type as that to which the plaintiff was subjected, but the criminal conduct at issue must be shown to be reasonably predictable based on prior occurrences of the same or similar criminal activity at a location sufficiently proximate to the subject location" (*Bryan v Crobar*, 65 AD3d at 999 [citations omitted]). Here, the plaintiff met her prima facie burden of establishing her entitlement to judgment as a matter of law against Milbel, NEC, and Belkin Family Limited Partnership (hereinafter collectively the Duvet corporate defendants). In opposition, the Duvet defendants raised a triable issue of fact on behalf of the Duvet corporate defendants as to the issue of foreseeability, whether the decedent's own conduct preceding the stabbing was a proximate cause of his injuries, and whether the Duvet corporate defendants' security measures were adequate (*see Bryan v Crobar*, 65 AD3d at 999; *Kender v Taj Mahal Hotel*, 234 AD2d 518 [1996]). For the same reason that the plaintiff was not entitled to summary judgment on the issue of liability against the Duvet corporate defendants, that branch of the Duvet defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against those defendants was also properly denied.

As to that branch of the Duvet defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Edward Belkin and Sabina Belkin (hereinafter together the Belkins), the Duvet defendants failed to eliminate all triable issues of fact as to whether the Belkins engaged in affirmative acts of negligence in directing and prescribing the nature and extent of the search that NEC could and should have performed on patrons at Duvet. Consequently, a triable issue of fact exists with respect to whether they may be held personally liable (*see generally Peguero v 601 Realty Corp.*, 58 AD3d 556, 558-559 [2009]). The plaintiff similarly failed to demonstrate her prima facie entitlement to judgment as a matter of law on the issue of liability as against the Belkins.

Additionally, the Supreme Court properly denied the Duvet

defendants' separate cross motion for the issuance of a so-ordered subpoena requiring the production of a complete certified copy of the decedent's rap sheet, showing all sealed and unsealed records of his arrests and convictions. In seeking additional discovery after the note of issue was filed, the Duvet defendants were required to show that the discovery was needed because of "unusual or unanticipated circumstances," and that its absence would cause "substantial prejudice" (22 NYCRR 202.21 [d]; see Tirado v Miller, 75 AD3d 153, 157 [2010]). They failed to meet these requirements.

The parties' remaining contentions are without merit. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.

Motion by the respondent-appellant to strike the first five paragraphs of point II of the reply brief of the appellants-respondents Milbel Enterprises, Inc., doing business as Duvet Restaurant and Lounge, N.E.C. Security Consultants, Inc., Belkin Family Limited Partnership, Edward Belkin, and Sabina Belkin, on appeals and a cross appeal from an order of the Supreme Court, Kings County, dated March 20, 2013. By decision and order on motion of this Court dated December 10, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross appeal, it is

Ordered that the motion is denied. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.