■ QUIERRA MARY RAMOS, an Infant, by Her Parent and Natural Guardian, JUNE ANDERSON, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Defendant/Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. [48 NYS3d 198]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the

Supreme Court, Kings County (Schmidt, J.), dated April 24, 2015, which denied its motion for summary judgment dismissing the complaint with leave to renew.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff Quierra Mary Ramos (hereinafter the plaintiff) allegedly was assaulted by the third-party defendant, Daquan Robinson, in the hallway of her apartment building, which was owned by the defendant third-party plaintiff, New York City Housing Authority (hereinafter NYCHA). The plaintiff, and her mother suing derivatively, commenced this action against NYCHA, which subsequently moved for summary judgment dismissing the complaint on the ground that the plaintiff was unable to prove that its alleged negligence in failing to provide a properly locking front door at the premises was a proximate cause of her injuries. NYCHA also contested the plaintiff's assertion that the door lock was not operating properly on the date of the incident.

In support of the motion, NYCHA submitted, inter alia, a transcript of the deposition testimony of both the plaintiff and William Harrison, the caretaker/supervisor of the apartment building. The plaintiff testified that the front door of the building did not fully close and lock, but instead remained ajar on the day of the incident and on the previous day, as well as on numerous other occasions. She further testified that on the day in question, she saw Robinson, who did not live in her building but whom she knew from the neighborhood, when she was walking home to her apartment from school. They walked in the same direction on opposite sides of the street, but he arrived at the building first. Although the plaintiff did not see Robinson enter the building, as she approached the entrance she saw that he was already inside, and he pushed the broken door open for her so that she could enter. Robinson told her that he was there to visit a friend; however, the plaintiff had never seen him in her building before. The attack occurred shortly thereafter.

Harrison testified at his deposition that on the days that he reported to the building, he inspected the front entrance door to make sure that it was functioning properly. He claimed that his inspection records revealed that while the door had been damaged and was not locking one week before the incident, it was not in any need of repair on either the day of the incident or the day before.

The Supreme Court denied NYCHA's motion for summary judgment with leave to renew upon submission of Harrison's inspection records. On this appeal by NYCHA, we affirm.

"Landlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal conduct by a third person" (*Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]). Recovery against a landlord for an assault committed by a third party requires a showing that the landlord's negligent failure to provide adequate security was a proximate cause of the injury (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d at 548; *Brathwaite v New York City Hous. Auth.*, 92 AD3d 821, 823 [2012]). "In premises security cases particularly, the necessary causal link between a landlord's culpable failure to provide adequate security and a tenant's injuries resulting from a criminal attack in the building can be established only if the assailant gained access to the premises through a negligently maintained entrance. Since even a fully secured entrance would not keep out another tenant, or someone allowed into the building by another tenant, plaintiff can recover only if the assailant was an intruder" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d at 550-551).

Here, in support of its motion for summary judgment dismissing the complaint, NYCHA failed to demonstrate its prima facie entitlement to judgment as a matter of law. The deposition testimony of the plaintiff submitted in support of the motion raised issues of fact regarding whether the door was operating properly prior to, and on the day of, the incident, and whether Robinson was an intruder who gained access to the premises through a negligently maintained entrance (*see id.* at 551-552). Since NYCHA failed to meet its initial burden, the Supreme Court properly denied its motion for summary judgment without regard to the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Koster v Davenport*, 142 AD3d 966, 968 [2016]). Mastro, J.P., Austin, Miller and Maltese, JJ., concur.