■ BRETT A. GIPE, Respondent, v DBT XPRESS, LLC, et al., Appellants. [52 NYS3d 904]—

In an action to recover damages for personal injuries, the de-

fendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated May 19, 2016, which denied their motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the demand for punitive damages and the cause of action alleging negligent hiring, retention, and supervision.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that he was involved in a motor vehicle accident with a vehicle operated by the defendant Emmanuel Leon-Garcia (hereinafter the defendant driver) and owned by the defendant driver's employer, the defendant DBT Xpress, LLC (hereinafter DBT Xpress), causing him injuries. In his complaint, the plaintiff, inter alia, demanded an award of punitive damages from the defendant driver and DBT Xpress (hereinafter together the defendants), and alleged a cause of action sounding in negligent hiring, retention, and supervision against DBT Xpress. The defendants' answer conceded that the defendant driver was acting in the scope of his employment with DBT Xpress at the time of the accident.

Prior to any discovery being conducted, the defendants moved, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the demand for punitive damages and the cause of action alleging negligent hiring, retention, and supervision. The Supreme Court denied the motion. The defendants appeal.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see *Leon v Martinez*, 84 NY2d 83, 88 [1994]).

Here, accepting the facts as alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently stated a demand for punitive damages insofar as asserted against the defendant driver. At this stage of the litigation, it is premature to conclude that the allegations in the complaint are insufficient to support the allegation that the defendant driver acted so recklessly or wantonly as to warrant an award of punitive damages (see *Felton v Tourtoulis*, 87 AD3d 983 [2011]).

" 'Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training' " (*Quiroz v Zottola*, 96 AD3d 1035, 1037 [2012], quoting *Talavera v Arbit*, 18 AD3d 738, 738 [2005]). However, "such a claim is permitted when punitive

damages are sought based upon facts evincing gross negligence in the hiring or retention of an employee" (*Quiroz v Zottola*, 96 AD3d at 1037).

Here, the allegations in the complaint sufficiently stated a cause of action sounding in negligent hiring, retention, and supervision against DBT Xpress. Contrary to the defendants' contention, at this stage of the litigation, it is premature to conclude that the allegations in the complaint are insufficient to support a claim that DBT Xpress acted so recklessly or wantonly in connection with the hiring, retention, and supervision of the defendant driver as to warrant an award of punitive damages (*see id.* at 1037-1038; *Felton v Tourtoulis*, 87 AD3d at 984; *Talavera v Arbit*, 18 AD3d at 738-739).

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court properly denied the defendants' motion. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.