Velez v Pacific Park 38 Sixth Ave., LLC (2020 NY Slip Op 02624)





Velez v Pacific Park 38 Sixth Ave., LLC


2020 NY Slip Op 02624


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-03290
 (Index No. 702898/16)

[*1]Nelson Velez, appellant,
v
Pacific Park 38 Sixth Avenue, LLC, defendant, Brooklyn Events Center, LLC, et al., respondents.


Mallilo & Grossman, Flushing, NY (Spencer R. Bell of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and James R. Finn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered February 5, 2019. The order granted the motion of the defendants Brooklyn Events Center, LLC, and AEG Management Brooklyn, LLC, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he was punched by an unknown individual while attending an event at the Barclays Center. The plaintiff subsequently commenced this action, alleging, inter alia, that the defendants Brooklyn Events Center, LLC, and AEG Management Brooklyn, LLC (hereinafter together the defendants), were negligent in failing to provide adequate security for their patrons. Following discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518-519; Bryan v Crobar, 65 AD3d 997, 999). However, the " duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control'" (Oblatore v 67 W. Main St., LLC, 169 AD3d 705, 706, quoting Kranenberg v TKRS Pub, Inc., 99 AD3d 767, 768). Thus, a possessor of a "public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192; see Oblatore v 67 W. Main St., LLC, 169 AD3d at 706).
In support of their motion, the defendants submitted, inter alia, a transcript of the plaintiff's deposition testimony wherein he testified that the punch occurred during an altercation [*2]between unknown individuals that lasted "for a quick split second," during which people were yelling and then "just at the spur of the moment, really quick and I just got hit." The plaintiff estimated that four to five seconds elapsed between the beginning of the altercation and the punch, and that the entire altercation lasted less than 15 seconds. Given this timeframe, " [i]t is difficult to understand what measures could have been undertaken to prevent plaintiff's injury except presumably to have had a security officer posted at the precise location where the incident took place or wherever pedestrians were gathered, surely an unreasonable burden'" (Maheshwari v City of New York, 2 NY3d 288, 295, quoting Florman v City of New York, 293 AD2d 120, 127). Thus, the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that the attack on the plaintiff was an unforeseeable and unexpected event (see Oblatore v 67 W. Main St., LLC, 169 AD3d at 706; Curcio v East Coast Hoops, Inc., 24 AD3d 997, 998). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court