Ali v Miller's Ale House, Inc. (2020 NY Slip Op 07339)





Ali v Miller's Ale House, Inc.


2020 NY Slip Op 07339


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-10525
 (Index No. 610868/15)

[*1]Christopher Ali, appellant, 
v
Miller's Ale House, Inc., respondent.


Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated August 3, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as the result of an assault by an unidentified assailant while at the bar on the premises owned by the defendant. The defendant's motion for summary judgment dismissing the complaint was granted, and the plaintiff appeals. We affirm.
A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518-519; Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d 590, 591; Bryan v Crobar, 65 AD3d 997, 999). However, the possessor's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such conduct, and is reasonably aware of the need for such control (see Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d at 591; Oblatore v 67 W. Main St., LLC, 169 AD3d 705, 706; Kranenberg v TKRS Pub, Inc., 99 AD3d 767, 768). Thus, the possessor has no duty to protect patrons against unforeseeable and unexpected assaults (see Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d at 591; Oblatore v 67 W. Main St., LLC, 169 AD3d at 706; Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the assault on the plaintiff was unforeseeable and unexpected (see Giambruno v Crazy Donkey Bar & Grill, 65 AD3d at 1192; Millan v AMF Bowling Ctrs., Inc., 38 AD3d 860, 861). In opposition, the plaintiff failed to raise a triable issue of fact (see Scharff v L.A. Fitness Intl., LLC, 139 AD3d 929, 930).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., AUSTIN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court