Calle v Elmhurst Woodside, LLC (2020 NY Slip Op 08033)





Calle v Elmhurst Woodside, LLC


2020 NY Slip Op 08033


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-01825
 (Index No. 707959/14)

[*1]Jonathan Calle, etc., et al., respondents,
v
Elmhurst Woodside, LLC, appellant.


Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Kathryn M. Beer], of counsel), for appellant.
Dell & Dean, PLLC, Garden City, NY (Jay J. Massaro of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered December 22, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment is granted.
The infant plaintiff was the victim of an assault in the alleyway of a building owned by the defendant. At his deposition, the infant plaintiff testified that while he was in the building's vestibule, he was accosted by an unknown assailant and assaulted in the alleyway on the side of the building. The infant plaintiff, by his father and natural guardian, and his father suing derivatively, commenced this action against the defendant, alleging that the defendant failed to secure the alleyway.
To recover damages from an owner of real property for injuries caused by criminal acts on the premises, a plaintiff must produce evidence indicating that the owner knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises (see Jacqueline S. v City of New York , 81 NY2d 288, 294; Nallan v Helmsley—Spear Inc. , 50 NY2d 507, 519). Here, the defendant established, prima facie, its entitlement to summary judgment by showing that it had no notice of prior criminal activity so as to make the instant occurrence foreseeable. The plaintiffs submitted no evidence in response, and thus failed to raise a triable issue of fact (see Grignoli v New York City Hous. Auth. , 196 AD2d 525, 525). Moreover, in opposition to the defendant's prima facie showing with respect to causation, the plaintiffs failed to raise a triable issue of fact as to whether the defendant's alleged failure to secure the alleyway was a proximate cause of the occurrence (see Burgos v Aqueduct Realty Corp. , 92 NY2d 544, 550; Moss v New York Tel. Co. , 196 AD2d 492, 493). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
The parties' remaining contentions need not be considered in view of our determination.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court