Grogan v Simon Prop. Group, Inc. (2021 NY Slip Op 01396)





Grogan v Simon Prop. Group, Inc.


2021 NY Slip Op 01396


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-04016
 (Index No. 12386/16)

[*1]Meaghan K. Grogan, respondent-appellant, Jermaine Moore, plaintiff-respondent,
v
Simon Property Group, Inc., doing business as Roosevelt Field Mall, et al., appellants-respondents, Macy's, Inc., defendant-respondent, et al., defendant.


Shafer Glazer LLP, New York, NY (Nicole M. Snyder of counsel), for appellants-respondents Simon Property Group, Inc., doing business as Roosevelt Field Mall, Retail Property Trust, and AlliedBarton Security Services, LLC.
Robert J. Renna, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for plaintiff-respondent.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for defendant-respondent.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, the defendants Simon Property Group, Inc., doing business as Roosevelt Field Mall, Retail Property Trust, and AlliedBarton Security Services, LLC, appeal, the defendant Dick's Sporting Goods, Inc., separately appeals, and the plaintiff Meaghan K. Grogan cross-appeals, from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered February 28, 2019. The order, insofar as appealed from by the defendants Simon Property Group, Inc., doing business as Roosevelt Field Mall, Retail Property Trust, and AlliedBarton Security Services, LLC, denied those branches of their motion which were for summary judgment dismissing the amended complaints and all cross claims insofar as asserted against them.
ORDERED that the appeal by the defendant Dick's Sporting Goods, Inc., and the cross appeal by the plaintiff Meaghan K. Grogan are dismissed as abandoned; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Simon Property Group, Inc., doing business as Roosevelt Field Mall, Retail Property Trust, and AlliedBarton Security Services, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted by the plaintiff Jermaine Moore against the defendant AlliedBarton Security Services, LLC, and all cross claims asserted against the defendant AlliedBarton Security Services, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the defendants Simon Property Group, Inc., doing business as Roosevelt Field Mall, Retail Property Trust, and AlliedBarton Security Services, LLC, without costs or disbursements.
On December 24, 2013, the plaintiff Jermaine Moore (hereinafter the plaintiff) was [*2]shopping at the Roosevelt Field Mall in Nassau County, in the store of the defendant Dick's Sporting Goods, Inc. (hereinafter DSG). Meanwhile, security officers employed by the defendant Macy's, Inc. (hereinafter Macy's), attempted to apprehend the defendant Aaron Darby, believing he was attempting to shoplift a belt, and during the ensuing struggle, display towers of glass perfume bottles were knocked over, crashing to the floor and shattering. Other shoppers mistook the sound of the falling bottles and breaking glass as gunshots, and began to flee, triggering a panic throughout the mall. The plaintiff allegedly was injured when a DSG employee knocked him to the ground as they were attempting to flee the DSG store.
The plaintiff commenced this action against, among others, the defendants Simon Property Group, doing business as Roosevelt Field Mall, and Retail Property Trust (hereinafter together the mall defendants), owners of the mall; the defendant AlliedBarton Security Services, LLC (hereinafter Allied Barton), which was retained by the mall defendants to provide security for the mall's common areas; and Macy's. Macy's moved, inter alia, for summary judgment dismissing the plaintiff's amended complaint and all cross claims insofar as asserted against it. The mall defendants and AlliedBarton moved, among other things, for summary judgment dismissing the plaintiff's amended complaint and all cross claims insofar as asserted against them. The Supreme Court, inter alia, granted Macy's motion, but otherwise denied the motions. The mall defendants and Allied Barton appeal.
Here, AlliedBarton established that it did not owe a duty to the plaintiff as a third-party beneficiary under its agreement with the mall defendants to provide security at the mall, as the agreement expressly stated that no parties other than those listed in the agreement shall have any rights under the agreement as third-party beneficiaries (see Santiago v KMart Corp., 158 AD3d 596, 596; Dabbs v Aron Sec., Inc., 12 AD3d 396, 398).
However, "there are 'three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely'" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d 862, 862-863, quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d at 863). The only potentially applicable exception here is launching an instrument of harm. The plaintiff testified at his deposition and stated in an affidavit that the cashier in the DSG store yelled out "run," but there were no instructions from mall security. Moreover, the record contains no evidence that any AlliedBarton employee yelled out "run," nor does the plaintiff cite to any evidence in support of his contention. Therefore, in the absence of evidence that AlliedBarton launched an instrument of harm, it owed no common-law duty to the plaintiff (see Guerrero v Commander Elec., Inc., 170 AD3d 675, 676). Accordingly, Allied Barton was entitled to summary judgment dismissing the plaintiff's amended complaint and all cross claims insofar as asserted against it.
"'Landowners, as a general rule, have a duty to exercise reasonable care to prevent harm to patrons on their property'" (Daniels v Dairy Queen Grill & Chill, 175 AD3d 463, 463, quoting Kranenberg v TKRS Pub, Inc., 99 AD3d 767, 768). An owner's duty to control the conduct of persons on its premises arises when it has the opportunity to control such conduct, and is reasonably aware of the need for such control (see Daniels v Dairy Queen Grill & Chill, 175 AD3d at 463). The record demonstrates that the mall defendants and AlliedBarton had trained employees to handle mall evacuations and active shooters, including a live drill with other employees assuming the role of panicked shoppers. Thus, the mall defendants did not eliminate all triable issues of fact as to whether it was foreseeable that a disturbance in the mall, like the one caused by the incident with Darby, could cause a dangerous panic. Furthermore, contrary to the mall defendants' contention, they failed to establish that they had no notice or opportunity to control the panic or the crowd before it reached DSG's store and allegedly ultimately caused the plaintiff's injuries.
"Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training" (Gipe v DBT Xpress, LLC, 150 AD3d 1208, 1209 [internal quotation marks omitted]; see Quiroz v Zottola, 96 AD3d 1035, 1038). To the extent that the plaintiff asserts a cause of action to recover damages for negligent hiring, retention, supervision, or training against the mall defendants, who relied upon third-party contractors to provide security, they failed to establish their entitlement to judgment as a matter of law with respect to that cause of action (see Gipe v DBT Xpress, LLC, 150 AD3d at 1209).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court