Vilsaint v SL Green Realty Corp. (2021 NY Slip Op 03481)





Vilsaint v SL Green Realty Corp.


2021 NY Slip Op 03481


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-10120
 (Index No. 18569/12)

[*1]D'Jory Vilsaint, appellant, 
v
SL Green Realty Corp., et al., respondents (and a third-party action).


McManus Ateshoglou Aiello & Apostolakos PLLC, New York, NY (Steven D. Ateshoglou of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated August 3, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff was injured while working as a security guard at an office building owned and managed by the defendants. At the time, the plaintiff was employed by another company, which had contracted to provide certain security services at that location. The incident occurred on a Sunday at approximately 9:45 p.m., when the plaintiff and a coworker were the only two security guards on duty in the building. The record establishes that the defendants determined the level of staffing of security guards in the building, and that on weekdays, additional security guards would be present. At the time of the incident, the plaintiff was stationed at the lobby security desk while his coworker performed a required "vertical patrol" of the upper floors of the building.
The plaintiff allegedly was assaulted by a group of youths who entered the building through a revolving front door that remained unlocked at all times. The assailants allegedly became angry after they realized that the doors leading from the building lobby to Grand Central Terminal were locked. The plaintiff told the assailants to leave. They refused to leave and began punching and kicking the plaintiff, and struck him with skateboards. The plaintiff allegedly sustained serious injuries as a result.
The plaintiff commenced this personal injury action against the defendants. Subsequently, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals. We reverse.
A property owner has a duty to maintain "reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties" (Ali v Miller's Ale House, Inc., 189 AD3d 966, 967; see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518-520; Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d 590, 591; Bryan v Crobar, 65 AD3d 997, 999). A property owner has no duty to protect persons lawfully on the premises against unforeseeable and unexpected assaults (see Ali v Miller's Ale House, Inc., 189 AD3d at 967; Velez [*2]v Pacific Park 38 Sixth Ave., LLC, 183 AD3d at 591; Oblatore v 67 W. Main St., LLC, 169 AD3d 705, 706; Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192). Thus, in this context, a plaintiff must produce evidence indicating that the owner knew or reasonably should have known of the probability of third persons gaining access to the building who were likely to endanger the safety of those lawfully on the premises (see Jacqueline S. v City of New York, 81 NY2d 288, 294; Nallan v Helmsley-Spear, Inc., 50 NY2d at 519; Calle v Elmhurst Woodside, LLC, 189 AD3d 1533, 1534).
Here, the defendants did not demonstrate their prima facie entitlement to judgment as a matter of law on the ground that they provided reasonable minimal security precautions at the building, given the evidence of prior incidents of criminal activity. The submissions on the defendants' motion included, inter alia, transcripts of the deposition testimony of their property manager and the plaintiff, as well as evidence of a report indicating that several days prior to the subject incident, a group of "skateboarders" entered the lobby during the evening and refused to leave. The record also contained evidence of other prior crimes in the building, including an incident approximately seven months earlier, when an individual became belligerent and damaged a front door in the lobby. Against this backdrop of prior criminal activity, the defendants' submissions failed to eliminate all triable issues of fact as to whether they provided reasonable minimal security precautions at the building under the circumstances (see Jacqueline S. v City of New York, 81 NY2d at 294-295; Nallan v Helmlsey-Spear, Inc., 50 NY2d at 519-520; Ramos v New York City Hous. Auth., 147 AD3d 992, 994; see generally Scurry v New York City Hous. Auth., 193 AD3d 1). In this regard, the defendants failed to demonstrate that the actions of the assailants were so unforeseeable as to sever any causal nexus between the defendants' alleged negligence and the plaintiff's injuries.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court