Campolongo v DR & RD, Inc. (2025 NY Slip Op 04972)

Campolongo v DR & RD, Inc.

2025 NY Slip Op 04972

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2023-12411
 (Index No. 69170/19)

[*1]Marc Campolongo, et al., respondents, 
v
DR & RD, Inc., doing business as Brazen Fox, et al., appellants, et al., defendants (and a third-party action).

Kiernan Trebach LLP, New York, NY (Lori F. Graybow of counsel), for appellants.
Oxman Law Group LLC, White Plains, NY (Marc S. Oxman and Julie Pechersky Plitt of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendants DR & RD, Inc., doing business as Brazen Fox, William P. Harding, and Ruddy Delacruz appeal from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated December 4, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the first, second, and fourth causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants DR & RD, Inc., doing business as Brazen Fox, William P. Harding, and Ruddy Delacruz which were for summary judgment dismissing the first, second, and fourth causes of action are granted.
The plaintiffs commenced this action against, among others, the defendant DR & RD, Inc., doing business as Brazen Fox (hereinafter the Brazen Fox), the owner of a bar and restaurant, and the defendants William P. Harding and Ruddy Delacruz, security guards employed by the Brazen Fox, inter alia, to recover damages for personal injuries the plaintiff Marc Campolongo allegedly sustained in September 2019 when he was assaulted outside the Brazen Fox by two unknown assailants who had exited the Brazen Fox. Following the completion of discovery, the Brazen Fox, Harding, and Delacruz (hereinafter collectively the defendants) moved, among other things, for summary judgment dismissing the first, second, and fourth causes of action, alleging negligence against the Brazen Fox, Harding, and Delacruz, respectively. In an order dated December 4, 2023, the Supreme Court, inter alia, denied those branches of the defendants' motion. The defendants appeal.
"The elements of negligence are (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (Klein v Catholic Health Sys. of Long Is., Inc., 231 AD3d 797, 799 [internal quotation marks omitted]; see Abbott v Johnson, 152 AD3d 730, 732). "A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties" (Lea v McNulty, 227 AD3d 971, 972 [internal quotation marks omitted]; see Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d 590, 591). "To establish foreseeability, there is no requirement [*2]that the past experience of criminal activity be of the same type as that to which the plaintiff was subjected" (Lea v McNulty, 227 AD3d at 972 [internal quotation marks omitted]; see Bryan v Crobar, 65 AD3d 997, 999). "[T]he criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (Lea v McNulty, 227 AD3d at 972 [internal quotation marks omitted]; see Novikova v Greenbriar Owners Corp., 258 AD2d 149, 153). "[L]andowners have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (Lea v McNulty, 227 AD3d at 972 [internal quotation marks omitted]; see Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d at 591). However, "a possessor [or owner] of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults" (Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d at 591 [internal quotation marks omitted]; see Oblatore v 67 W. Main St., LLC, 169 AD3d 705, 706).
Here, the evidence submitted by the defendants established, prima facie, that there was adequate security on the premises on the night of the incident. Although the incident occurred in an area reasonably under the defendants' control, the defendants established that the attack was not reasonably foreseeable based on the surrounding circumstances (see Velez v Pacific Park 38 Sixth Ave., LLC, 183 AD3d at 591). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing so much of the first cause of action as alleged negligent security against the Brazen Fox and the second and fourth causes of action, alleging negligence against Harding and Delacruz, respectively.
"'[U]nder the theory of negligent hiring and retention, an employer may be liable for the acts of an employee acting outside the scope of his or her employment'" (Nickey v City of Mt. Vernon, 230 AD3d 590, 591, quoting Gonzalez v City of New York, 133 AD3d 65, 67). "To hold a party liable under theories of negligent hiring, negligent retention, and negligent supervision, a plaintiff must establish that the party knew or should have known of the contractor's propensity for the conduct which caused the injury" (Hutchinson-Headley v HP Arverne Preserv. Hous. Co., Inc., 219 AD3d 709, 710 [internal quotation marks omitted]; see Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 650). "Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training" (Grogan v Simon Prop. Group, Inc., 192 AD3d 769, 772 [internal quotation marks omitted]; see Gipe v DBT Xpress, LLC, 150 AD3d 1208, 1209). "When a business employs security guards or bouncers to maintain order, the use of physical force may be within the scope of their employment" (Norwood v Simon Prop. Group, Inc., 200 AD3d 891, 894; see Fauntleroy v EMM Group Holdings LLC, 133 AD3d 452, 453).
Here, the defendants established, prima facie, that Harding and Delacruz were acting within the scope of their employment (see Grogan v Simon Prop. Group, Inc., 192 AD3d at 772). In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the first cause of action as alleged negligent hiring, retention, supervision, and training against the Brazen Fox.
The plaintiffs' remaining contentions are not properly before this Court.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court